| | |
|---|---|
| RPM PIZZA, LLC D/B/A DOMINO'S PIZZA | CIVIL ACTION |
| VERSUS | NO. 10-684-BAJ-SCR |
| ARGONAUT GREAT CENTRAL INSURANCE COMPANY | C/W NO. 12-147 |

**RULING AND ORDER**

This matter is before the Court pursuant to two Motions for Reconsideration. These Motions include: (1) a Motion for Reconsideration filed on behalf of Plaintiff-In-Intervention Domino's Pizza, LLC ("Plaintiff Domino's Pizza") (doc. 111);[1] and (2) a Motion for Reconsideration filed on behalf of Plaintiff RPM Pizza, LLC ("Plaintiff RPM Pizza") (doc. 112).[2]

Defendant Argonaut Great Central Insurance Company ("Defendant Argonaut") has filed oppositions to the Motions by both Plaintiffs (docs. 113, 115). Because each Motion for Reconsideration involves subject matter that comprises a material part of the subject matter of the other, both motions are handled jointly. This is a consolidated suit brought under the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

---

[1] Plaintiff-In-Intervention Domino's Pizza seeks reconsideration of this Court's judgment solely regarding Domino's entitlement to penalties under Louisiana Revised Statues section 22:1892.
[2] Plaintiff RPM Pizza seeks reconsideration of this Court's judgment on the same grounds as Plaintiff-in-Intervention Domino's Pizza. However, RPM also asks that this Court reconsider its judgment of Argonaut's alleged breach of its duty to defend RPM.

The Court denies the Motions for Reconsideration of this Court's judgment regarding either party's entitlement to penalties under Louisiana Revised Statues section 22:1892. The Court also denies RPM's Motion to Reconsider this Court's judgment of Argonaut's alleged breach of its duty to defend RPM. The Court, however, amends its prior order deferring the determination of the amount of defense expenses and costs owed to Plaintiffs to the Magistrate Judge. The Court defers those amounts to trial. The Court reaches these conclusions for the following reasons.

First, with regard to the Motions for Reconsideration before the Court, neither Plaintiff cites to new case law in support of their position. Motions to reconsider should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Brown v. Mississippi Co-op. Extension Serv.*, 89 Fed. Appx. 437, 437 (5th Cir. 2004) (citing cases).

Here, each Plaintiff relies on prior arguments to support the contention that there is no genuine issue of material fact with regard to each Plaintiff's entitlement to statutory penalties. Both Plaintiffs contend that Defendant Argonaut's failure to pay defense costs within the thirty-day statutory period **automatically** deems its actions arbitrary, capricious, or without probable cause. The Court disagrees.

As noted in this Court's prior ruling, the extent of Defendant Argonaut's liability under the agreement remains disputed. In fact, prior to this Court's Ruling and Order, the parties disputed whether Louisiana law even applied under the agreement (doc. 110, at 5-6). When there are "**substantial, reasonable, and legitimate questions** as to the extent of an insurer's liability or an insured's loss, **failure to pay within the statutory time period is not arbitrary, capricious or without probable cause**." (emphasis added) *Louisiana Bag Co., Inc. v. Audubon Indem. Co.*, 2008-0453 (La. 12/2/08), 999 So. 2d 1104, 1114.

Similarly, RPM fails to raise new arguments for the reconsideration of this Court's judgment regarding Argonaut's alleged breach of its duty to defend RPM. The Court denies Plaintiff RPM's Motion for Reconsideration on those grounds also, as RPM merely rehashes the same arguments that were presented in its Motion for Partial Summary Judgment.

Finally, the Court amends its prior order deferring the determination of the amount of defense expenses and costs owed to Plaintiffs to the Magistrate Judge. The Court defers those amounts to trial. The Advisory Committee Notes after the 1993 amendments to Rule 54 give clarity to this issue. Specifically, the Advisory Committee Notes explain that attorney's fees/expenses by motion procedure do not apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury. Fed. R. Civ. P. 54.

According to the pleadings in this case, the defense expenses and costs owed to Plaintiffs are part of Plaintiffs' breach of contract damages (for both Domino's and RPM). Since there are genuine issues of material fact as to whether Defendant breached its duty to defend and as to the amount of defense expenses and costs owed, such issues shall be considered by the jury. Accordingly, the Court defers the determination of the amount of defense expenses and costs owed to Plaintiffs to trial.

## CONCLUSION

For the foregoing reasons, Plaintiff-In-Intervention Domino's Pizza's Motion for Reconsideration (doc. 111) and Plaintiff RPM Pizza, LLC.'s Motion for Reconsideration (doc. 113) are hereby **DENIED**. Further, the Court amends its prior ruling and defers the determination of the amount of defense expenses and costs owed to Plaintiffs to trial. Both Domino's and RPM's Ex Parte Motions for Leave to File a Reply to Argonaut's Memorandum in Opposition are hereby **DENIED** as moot (docs. 119, 125).

Baton Rouge, Louisiana, July 30, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA