UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RPM PIZZA, LLC D/B/A
DOMINO'S PIZZA                           CIVIL ACTION

VERSUS                                   NUMBER 10-684-BAJ-SCR

ARGONAUT GREAT CENTRAL
INSURANCE COMPANY

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is Argonaut Great Central Insurance Company's Motion to Compel Discovery Directed to Domino's filed by defendant Argonaut Great Central Insurance Company. Record document number 98. The motion is opposed.[1]

This discovery dispute arises out of interrogatories and requests for production of documents served by Argonaut on Domino's on December 17, 2012.[2] The discovery requests relate to Domino's claim to recover its defense costs and expenses in the *Spillman* action.[3] In this ruling it is unnecessary to set forth the background information of these related actions, as if was summarized in the rulings on the parties' motions for summary judgment and motions for reconsideration.[4]

---

[1] Record document number 107.

[2] Record document number 98-4, Exhibits A and B.

[3] Civil Action Number 10-349-BAJ-SCR.

[4] Record document numbers 110 and 126.

Based on the present record, Domino's opposing arguments based on relevancy and prematurity clearly have no merit. In the rulings issued on the parties' summary judgment motions the court determined that the amount of reasonable defense expenses and costs owed to Domino's is genuinely disputed and must be resolved at the trial.

The remaining arguments related to Argonaut's discovery requests are resolved as follows:

Interrogatory Number 1. Argonaut asked Domino's to identify each law firm and persons associated with that firm who provided legal services and to provide their addresses. The only objection that needs to be addressed is Domino's argument that the information has been provided, because each person who charged time for the *Spillman* case is identified on the bills that Domino's has already supplied to Argonaut.

The information requested by Argonaut is relevant. Argonaut may be able to obtain most, if not all, of the information from a review of the bills. However, it is still reasonable to require that Domino's provide the name and business address of each law firm and attorney who is providing the legal services for which Domino's is claiming reimbursement under Argonaut's Commercial General Liability Policy. It is not apparent that the burden of deriving this information from the records would be substantially

the same for both parties.[5]  As to this interrogatory it is reasonable to find that the burden on Argonaut would be greater. Domino's knows what firms and attorneys are doing the work in the *Spillman* case and can readily provide it by simply answering the question.

Interrogatory Numbers 2 and 3; Requests for Production Numbers 1 and 7.  Argonaut requested that Domino's provide information and documents related to the law firms' and attorneys' experience representing parties in connection with TCPA claims, other than in the *Spillman* action.  Argonaut also requested information and documents related to any fee agreements.  In summary, the information and documents sought about experience and fee agreements are relevant to the issue of determining the amount of reasonable defense costs that Domino's is entitled to recover. Domino's is required to serve supplemental answers and responses to these discovery requests.  If believes there is good cause, it can promptly file a motion for a protective order to address any concerns it has about the confidentiality of these types of information.[6]

Other than its blanket objections that are now foreclosed by the summary judgment rulings and other unsupported objections, Domino specifically objected to the discovery related to TCPA

---

[5] Rule 33(d), Fed.R.Civ.P.

[6] See Rule 26(c)(1), Fed.R.Civ.P.

Case 3:10-cv-00684-BAJ-SCR   Document 128   08/20/13   Page 4 of 6

experience by stating that the information and documents are not within its possession, custody or control, and are more readily obtained from another source.  Presumably, Domino's is referring to the law firms providing the legal services.  Although Domino's itself may not possess the information and documents, it is reasonable to conclude that it can readily obtain them from the attorneys and/or law firms representing it in the *Spillman* case.  Given this fact, it is unreasonable to require Argonaut to incur the delay and expense of having to subpoena the information and documents from Domino's attorneys.

Interrogatory Numbers 4 and 7; Request for Production Numbers 2 and 6.  These interrogatories and document requests called for Domino's to produce information and documents related to: (1) billing guidelines Domino's may have given its counsel in the *Spillman* action; and, (2) whether any other parties besides Argonaut have paid for the legal services Domino's obtained in connection with the *Spillman* case.  Domino's answered/responded that it does not have any information and documents responsive to these interrogatories and requests for production.  Thus, there is no basis for the court to order Domino's to provide anything further in response to these discovery requests.

Interrogatories 5 and 6; Requests for Production Numbers 3, 4 and 5.  Through these five discovery requests, Argonaut attempted to obtain information and documents that reflect the invoices,

4

bills, and/or charges to Domino's for legal fees, costs and expenses, and conversely what Domino's or others have already paid for the fees, costs and expenses, in connection with its defense in the *Spillman* case.  Argonaut acknowledged that Domino's provided information regarding the bills for which it seeks reimbursement, and allowed Argonaut's auditor to review billing information, but argued that all of the information was not provided.  Argonaut cited one example - copies of bills with 51 entries redacted - and asserted that it is entitled to review the redacted information.[7]

Domino's countered that it has sent and continues to send detailed invoices to Argonaut.  Domino's agreed that there were some time entries redacted, but stated that it is not seeking payment or reimbursement for any time entries that were redacted from the bills sent to Argonaut.  Domino's also noted that most of the redacted time entries were for other matters mistakenly billed to the *Spillman* case.[8]

Given Domino's statement that it is not attempting to recover fees, costs or expenses for any of the items redacted, there is no reason to conclude at this point that they are relevant to Domino's claim.  Therefore, Domino's is not required to produce the redacted information.  However, based on the rulings on the parties' motions

---

[7] Record document number 98-1, Argonaut's Memorandum in Support, p. 7.

[8] Record document number 107, Domino's Memorandum in Opposition, pp. 3, 6, 12-13.

for summary judgment and for reconsideration, there is no question that Domino's has a present and continuing obligation to timely provide information and documents in response to Interrogatory Numbers 5 and 6, and Requests for Production Numbers 3, 4 and 5. Therefore, to the extent Domino's has not done so, it must provide up-to-date supplemental answers and responses to these interrogatories and requests for production of documents.

Accordingly, the Argonaut Great Central Insurance Company's Motion to Compel Discovery Directed to Domino's is granted in part. In accordance with this ruling, Domino's Pizza, LLC is ordered to provide, without objections, supplemental answers and Interrogatory Numbers 1, 2, 3, 5 and 6, and shall produce for inspection and copying all documents that are responsive to Requests for Production of Document Numbers 1, 3, 4, 5 and 7, within 14 days. The remaining aspects of Argonaut's Motion to Compel are denied.

Under Rule 37(a)(5)(C), Fed.R.Civ.P. each party shall bear its own costs incurred in connection with this motion.

Baton Rouge, Louisiana, August 19, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE