UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RPM PIZZA, LLC D/B/A DOMINO'S PIZZA

VERSUS

ARGONAUT GREAT CENTRAL INSURANCE
COMPANY

CIVIL ACTION

NO. 10-684-BAJ-SCR
C/W NO. 12-147

**RULING AND ORDER**

This matter is before the Court pursuant to two Motions for Partial Summary Judgment. These Motions include: (1) a Motion for Partial Summary Judgment filed on behalf of Plaintiff RPM Pizza, LLC ("Plaintiff RPM") (doc. 95)[1]; and (2) a Cross-Motion for Partial Summary Judgment filed on behalf of Defendant Argonaut Great Central Insurance Company ("Defendant Argonaut") (doc. 97).[2]

Plaintiff and Defendant have filed oppositions to each other's respective motions. Because each Motion for Partial Summary Judgment involves subject matter that comprises a material part of the subject matter of the other, both

---

[1] Plaintiff RPM seeks summary judgment on recovery of the following: (1) "Claim Administration Costs" that it has allegedly, voluntarily paid or agreed to pay relating to the underlying putative class action captioned *Toni Spillman, Individually and on Behalf of the Class v. RPM Pizza, Inc. and Domino's Pizza, LLC*, Civil Action Number 10-349-BAJ-SCR (the "Spillman Action"); and (2) pre-judgment interest it claims Argonaut must pay pertaining to the "Spillman Action (Doc. 95-3, at 2)."
[2] Defendant Argonaut seeks summary judgment asking the Court to declare that: (1) it has no obligation under its policy to pay for specific defense expenses at issue; and (2) it does not and cannot owe legal interest on its policy limits (Doc. 106, at 3).

motions are handled jointly. This is a consolidated suit brought under the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

## BACKGROUND

### I. UNCONTESTED FACTS

According to the undisputed facts[3]:

- Defendant Argonaut issued to Plaintiff RPM Pizza a Commercial General Liability Policy (the "Policy") for the policy period of March 31, 2010 to March 31, 2011 (Doc. 97-2 ¶ 1).

- According to both parties, the "supplementary payments" section of the commercial general liability policy states the following:

    **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B** in the CGL Form provides in pertinent part:

    We will pay, with respect to any claim we investigate or settle, or any 'suit' against an insured we defend:

    1. All expenses we incur;
    * * *
    5. All costs taxed against the insured in the 'suit.'

    6. Pre-judgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any pre-judgment interest based on that period of time after the offer (Doc. 97-2 ¶ 2).

- On or about May 20, 2010, a class action lawsuit was filed in the United States District Court, Middle District of Louisiana, entitled *Toni Spillman, Individually and on Behalf of the Class v. RPM Pizza, Inc. and Domino's Pizza, LLC*, Civil Action Number 10-349-BAJ-SCR (the "Spillman Action") (Doc. 97-2 ¶ 5).

---

[3] Pursuant to Local Rule (LR) 56.1, Defendant has submitted a statement of undisputed material facts with its Cross Motion for Partial Summary Judgment (doc. 97-2). Plaintiff has not submitted a statement of undisputed facts as permitted under LR 56.1. However, Plaintiff has submitted a response to Defendant's undisputed material facts (doc. 101). Pursuant to LR 56.2, certain material facts will be deemed admitted for purposes of this motion.

- Plaintiff RPM asserts in its Third Amended Complaint filed in this action that it has paid "Claims Administration Costs" in the Spillman Action. (3rd Am. Compl. ¶ 17I). RPM describes claims administration costs as items "paid to anyone appointed by the Court in Spillman to assist in the notice and administration of the claims process." (3rd Am. Compl. ¶ 17H(2)). RPM argues that Argonaut is obligated to pay the "Claims Administration Costs" pursuant to the Supplementary Payments provision in the Policy. (3rd Am. Compl. ¶¶ 17H(2); 18A.c). (Doc. 97-2 ¶ 6).

- Plaintiff RPM also seeks "legal interest" on the $3,000,000 General Aggregate Limit tendered by Argonaut from the date of the Spillman suit until the date of payment of the $3,000,000. (3rd Am. Compl. ¶ 17H(3)). RPM claims that Argonaut is obligated to pay Supplementary Payments, including legal interest on its "limits of insurance" from the "judicial demand" until paid. (3rd Am. Compl. ¶ 18A.d.). (Doc. 97-2 ¶ 6).

- A Settlement Agreement was entered into in the Spillman Action on or about November 5, 2012 (Doc. 95-2, at 69-111; Doc. 97-2 ¶ 8).

- According to Defendant, pursuant to the Spillman Settlement Agreement, Plaintiff RPM voluntarily agreed to pay Spillman's claims administration costs. The Agreement defines "Claims Administration Costs" as:

  [t]hose actual costs incurred to administer claims, and particularly includes the actual cost of compiling the class member list, obtaining information for dissemination of notice to the class members, the cost of retaining a person or firm to prepare a recommended notice plan, the dissemination or publication of notice, processing claims, and issuing settlement benefits to Participating Class Members. (Doc. 95-2, at 71; Settlement Agreement ¶ 1.6; Doc. 97-2 ¶ 9).

  According to Plaintiff RPM, Plaintiff paid defense expenses into the "Common Fund" with a full reservation of rights against Defendant (Doc. 101 ¶ 9).

- According to Defendant, the Spillman Settlement Agreement provides that the claims administration costs are part of the Common Fund, which is the settlement principal amount. (Doc. 95-2, at 84-85, Settlement Agreement ¶ 4.1; Doc. 97-2 ¶ 10).

- According to Defendant, the Spillman Settlement Agreement states that: RPM shall be responsible for payment of the claims administration costs, including all costs of notice and the cost of the Notice Expert. These costs shall be paid from the Common Fund, but RPM alone is responsible for these expenses . . . (Doc. 95-2, at 88; Settlement Agreement ¶ 4.11; Doc. 97-2 ¶ 11).

- According to Defendant, the Spillman Settlement Agreement states that Argonaut agrees to pay $3,000,000.00 into the Common Fund, and that in "no event shall Argonaut's financial obligation with respect to the Common Fund exceed Three Million Dollars ($3,000,000), subject to RPM's reservation of rights in Paragraph 10.2 hereof." (Doc. 95-2, at 85, Settlement Agreement ¶ 4.2; Doc. 97-2 ¶ 12).

- According to Defendant, the Spillman Settlement Agreement makes no references to "defense expenses" or pre-judgment interest. (Doc. 95-2, at 69-111; Doc. 97-2 ¶ 13).

- According to Defendant, Paragraph 2. d. of the Commercial General Liability Conditions in Section V of the CGL coverage form of the Policy states that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent." (Doc. 95-2, at 39; Changes in Commercial General Liability Coverage Form in the Policy, at 3; Doc. 97-2 ¶ 14).

- According to Defendant, Plaintiff RPM never obtained Defendant Argonaut's consent to pay the claims administration costs. (Doc. 95-1; Doc. 97-2 ¶ 15).

## ANALYSIS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v.*

4

*Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).

The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

### I.    PRIOR RULINGS ON DEFENDANT'S BREACH OF DUTY TO DEFEND, PAYMENT OF DEFENSE EXPENSES, AND BAD FAITH

As a preliminary issue, the Court notes that its prior rulings are relevant to the current motions. Plaintiff RPM now seeks summary judgment to enforce Defendant Argonaut's duty to pay **Defense Expenses and Interest** under the terms of its Policy. Defendant Argonaut filed a cross motion asking this Court to declare that it **has no such obligation**. In these motions, the parties raise the issues of Defendant's breach of its duty to defend, the payment of defense expenses, bad faith, and conflicts of law. These are matters already ruled upon by this Court.

To the extent that Plaintiff RPM seeks judgment as a matter of law that Louisiana law applies to this commercial, general liability insurance agreement, the Court has previously ruled that: (1) Louisiana law applies; and (2) Defendant Argonaut has an ongoing duty to pay costs to RPM and Domino's in the Spillman action under Louisiana law (Doc. 110, at 5-6). Thus, for arguments pertaining to issues of conflicts of law, the Court relies on its prior rulings that Louisiana law applies.

To the extent that either party seeks judgment as a matter of law that Defendant has breached its duty to defend, the motions are denied. In its prior Ruling and Order, the Court held that Defendant's agreement and actions to pay defense costs, when viewed in the light most favorable to Defendant, raise a genuine issue of material fact as to whether Defendant breached its obligations to defend Plaintiff RPM (Doc. 110, at 6-10). Likewise, the Court cannot conclude as a matter of law that there is no possibility of Defendant's liability under the Policy, and thus any such motion by Defendant must also be denied.

Similarly, the Court previously ruled on summary judgment and a motion for reconsideration of the issue of Defendant's liability for Louisiana statutory penalties (Docs. 110, 126). The Court found that, drawing all reasonable inferences in its favor, Defendant has set forth genuine issues of material fact

with regard to whether it acted in bad faith in disputing Plaintiff's ability to receive coverage (Doc. 110, at 12-14; Doc. 126).[4]

Further, the Court cannot conclude as a matter of law that there is no possibility that Defendant acted in bad faith in disputing Plaintiff's coverage. To the extent that either party seeks judgment as a matter of law as to whether Defendant's actions were arbitrary, capricious, or without probable cause, the motions are denied.

In sum, because the parties seek summary judgment on certain issues previously ruled upon by this Court, the Court relies on its prior rulings and those issues are deemed moot. The Court next proceeds to the new issues raised by each party's Motion for Partial Summary Judgment.

## II. NEW ISSUES RAISED IN PRESENT MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Plaintiff RPM has filed its Motion for Partial Summary Judgment seeking recovery of the following: (1) "Claims Administration Costs" that it has voluntarily paid or agreed to pay relating to the Spillman action; and (2) pre-judgment interest it claims Defendant must pay pertaining to the action (Doc. 95-3, at 2).

Defendant Argonaut asks that this Court declare that: (1) it has no obligation under its policy to pay for the specific defense expenses at issue; and (2) it does not and cannot owe legal interest on its policy limits (Doc. 106, at 3).

---

[4] Likewise, the Court will not conclude that because Defendant Argonaut allegedly, refused to pay defense expenses or interest in bad faith (as alleged in the current motions), RPM is entitled to judgment as a matter of law that Defendant owes statutory damages and penalties under La. R.S. §§ 22:1892, and 1973.

7

The Court has carefully reviewed this matter and finds that each party's Motion for Partial Summary Judgment must be denied for the following reasons.

## A. DUTY TO PAY DEFENSE EXPENSES

Foremost, the Court notes that **attorney fees** are the subject of the parties' previously filed motions. The current motions are directed to **other defense expenses** incurred in defending the Spillman matter. The Court finds that there are genuine issues of material fact as to what constitute "claims administration costs" pursuant to paragraph one of the Supplementary Payments provision in the Policy, and as to the amount of such costs incurred.

First, as discussed in this Court's previous ruling, it is well established that "courts have read the standard duty to defend language in general liability agreements very broadly to include all costs and fees reasonably related to defending the underlying litigation." David L. Leitner, et al., Law and Prac. of Ins. Coverage Litig. § 4:19 (2012). However, "since most general liability agreements do not specifically detail what circumstances trigger the insurer's duty to defend or which costs and fees are included, many opportunities for disagreement can arise concerning the amount and type of expenses that are or are not covered." *Id.*

Here, each party offers arguments either supporting or negating policy coverage for the claims administration costs. Defendant asserts that the policy provides no coverage for such costs while Plaintiff RPM avers that the duty to defend encompasses all costs that RPM would be bound to pay in its own

defense (Doc. 95-3, at 5-9; Doc. 105, at 4-10). As with the parties' previous motions, the parties seek judgment as a matter of law for two essentially plausible outcomes under the policy based on the pleadings.

Moreover, Defendant asserts that even if the policy covers claims administration costs, all defense costs incurred by RPM were previously paid. Defendant also disputes whether the costs offered by Plaintiff even constitute defense expenses within the meaning of the supplementary payments provision (Doc. 105, at 6). Such facts are material to the dispute.

The Court declines to enter judgment as a matter of law as to any past expenses owed to Plaintiff RPM. While Defendant is liable for certain defense expenses and costs of Plaintiff, unless otherwise stipulated in the Policy contract, Plaintiff has not shown that there is no genuine issue of material fact as to the amounts. Further, there are genuine issues of material fact as to the type of expenses that are or are not covered under the policy. Accordingly, neither party is entitled to judgment as a matter of law with respect to Defendant's obligation to pay claims administration costs.

### B. DUTY TO PAY INTEREST UNDER THE TERMS OF THE POLICY

Similarly, there are genuine issues of material fact as to whether Plaintiff RPM is entitled to pre-judgment interest with respect to the Spillman action. Plaintiff RPM avers that under the Supplementary Payments provision, Coverages A and B provisions of the Policy require Defendant to pay "pre-judgment interest" from the date of "judicial demand (Doc. 95-3, at 9)." However,

Defendant argues that no judgment has been entered against RPM which would require it to pay pre-judgment interest; and the Spillman Settlement Agreement does not include pre-judgment interest (Doc. 105, at 11).

As demonstrated in prior motions, both parties cite to pertinent case law which bears on each party's particular policy interpretation. If the Court takes Plaintiff's policy interpretation under the case law, a "judgment" was signed with the settlement of the Spillman action and Plaintiff may be entitled to judicial interest (Doc. 95-3, at 9-10). However, Defendant avers that under the language of the Supplementary Payment Provision, defendant is only obligated to pay pre-judgment interest that is ***awarded against the insured*** (Doc. 105, at 12).

As the Court has noted in its prior rulings, each party's interpretation of the policy is plausible; thus, considerable issues of material fact with regard to this policy must be explored. To the extent that either party seeks judgment as a matter of law as to Plaintiff RPM's entitlement to pre-judgment interest in the Spillman action, the motions must be denied.

### III.   THE COURT'S FINDINGS

Accordingly, the Court makes the following findings:

(1)   To the extent that the parties seek summary judgment on issues previously ruled upon by this Court, the Court relies on its prior rulings and those issues are deemed **MOOT**.

(2) To the extent that the parties seek judgment as a matter of law as to whether Defendant owes defense expenses incurred in defending the Spillman matter, there are genuine issues of material fact as to the type and amount of expenses that are covered under the policy; thus, the motions must be **DENIED**.

(3) To the extent that either party seeks judgment as a matter of law as to Plaintiff RPM's entitlement to pre-judgment interest in the Spillman action, there are considerable issues of material fact with regard to the policy coverage; thus, the motions must be **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff RPM's Motion for Partial Summary Judgment (doc. 95) is hereby **DENIED**. Defendant's Cross-Motion for Partial Summary Judgment (doc. 97) is also **DENIED**. Plaintiff RPM's Motion for Leave to File Reply to Opposition (doc. 109) is hereby **DENIED** as moot.

Baton Rouge, Louisiana, August 25, 2013.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA