```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA


RPM PIZZA, LLC, D/B/A
DOMINO'S PIZZA                          CIVIL ACTION

VERSUS                                  NUMBER 10-684-BAJ-SCR

ARGONAUT GREAT CENTRAL
INSURANCE COMPANY
```

### RULING ON MOTION TO COMPEL

Before the court is a Motion to Compel the Production of Documents and Interrogatory Responses filed by plaintiff-in-intervention Domino's Pizza LLC (hereafter, "Domino's"). Record document number 129. The motion is opposed.[1]

This discovery dispute arises out of 8 interrogatories and 17 document requests served by Domino's on defendant Argonaut Great Central Insurance Company on April 19, 2013.[2] Domino's stated that the defendant served objections and partial answers and responses to the discovery on May 19, 2013. Domino's communicated with the defendant by letter dated June 5, 2013 about the deficiencies in its answers and responses, and the defendant responded by letter on June 26, 2013.[3] Defendant essentially maintained its objections

---

[1] Record document number 138. Domino's filed a reply memorandum. Record document number 144. Defendant filed a sur-reply memorandum. Record document number 157.

[2] Record document numbers 129-2 and 129-3, Exhibits A and B, respectively.

[3] Record document numbers 129-6 and 129-7, Exhibits E and F,
(continued...)

and the adequacy of its discovery responses.  Domino's then filed this motion on August 20, 2013.  In the motion Domino's stated that the defendant improperly objected/refused to answer Interrogatory Numbers 2, 3 and 5.[4]  Domino's also argued that the defendant has improperly objected/refused to produce documents in response to Requests for Production of Document Numbers 4, 5, 7, 8, 9, 16, and 17.

Although these document requests are specifically addressed in the motion, Domino's also sought to compel production of documents as to the other document requests.  Domino's asserted that, up to the date the motion was filed, the defendant had not produced a single document in discovery or provided a date by which it would produce documents.

On October 21, 2013 the defendant filed a sur-reply memorandum.[5]  Defendant stated that on October 11, 2013, it produced 555 Bates-labeled documents to Domino's via email.  Based on this document production, the defendant argued that Domino's

---

[3](...continued)
respectively.  Defendant argued that Domino's failed to adequately confer to resolve the issues before filing its motion.  These exhibits show that sufficient efforts were made resolve the dispute without court action.

[4] Domino's also sought to compel the defendant to verify its interrogatory answers.  Record document number 129, p. 4.  In its reply memorandum Domino's stated that the defendant has provided the verification, so this issue is now moot.  Record document number 144, p.14, n. 4.

[5] Record document number 157.

motion to compel should be denied, and it should be awarded the expenses it has incurred in opposing Domino's motion.

This motion may be moot, in large part, in light of the defendant's October 11 production of documents.  Therefore, it would be a wasteful effort to resolve the motion now based on the motion as it stood before the defendant's recent document production.  At the same time, it would not be equitable to simply deny the motion as urged by the defendant, without giving Domino's the opportunity to review the documents and determine what aspects of its motion are moot, and what discovery responses are still in dispute.  Therefore, the best course at this time is to deny Domino's motion, but without prejudice to Domino's filing another motion after it has reviewed the documents and determined what aspects of this motion, if any, still need to be resolved by the court.

With regard to the award of expenses under Rule 37(a)(5)(A), Domino's rather is entitled to an award of reasonable expenses. Defendant received these discovery requests more than six months ago.  Yet, it was not until October 11, six weeks after Domino's filed this motion to compel that the defendant produced any documents.  Defendant failed to offer any explanation as to why it waited until October 11 to provide documents it stated it would produce when it initially responded to Domino's discovery on May 19, 2013, and the defendant never filed a motion for extension of

time to provide the documents it said it would produce. In these circumstances, defendant's actions were not substantially justified. Because the documents were not provided until after the motion to compel was filed, Domino's is entitled to an award of reasonable expenses. A review of the motion and memoranda establish that an award of $1,000 is reasonable.

Accordingly, the Motion to Compel the Production of Documents and Interrogatory Responses filed by plaintiff-in-intervention, Domino's Pizza LLC is denied, in part. The motion is denied insofar as Domino's sought to compel the defendant to produce documents it previously withheld or failed to produce. After reviewing the defendant's October 11, 2013 document production, Domino's may file a another motion to compel based on discovery issues that remain in dispute. If a new motion is necessary, Domino's must file the motion by November 15, 2013.

The motion is granted insofar as Domino's sought an award of expenses. Pursuant to Rule 37(a)(5)(A), Fed.R.Civ.P., within 14 days, the defendant Argonaut Great Central Insurance Company shall pay plaintiff-in-intervention Domino's Pizza, LLC its reasonable expenses in the amount of $1,000.

Baton Rouge, Louisiana, October 24, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE