UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RPM PIZZA, LLC, D/B/A
DOMINO'S PIZZA                          CIVIL ACTION

VERSUS                                  NUMBER 10-864-BAJ-SCR

ARGONAUT GREAT CENTRAL
INSURANCE COMPANY

### RULING ON MOTION TO COMPEL

Before the court is a Motion to Compel the Production of Documents and Interrogatory Responses filed by plaintiff RPM Pizza LLC, (hereafter, "RPM"). Record document number 141. The motion is opposed.[1]

This discovery dispute arises out of 12 interrogatories and 17 document requests served by RPM on defendant Argonaut Great Central Insurance Company on July 28, 2013.[2] RPM stated that the defendant served objections and partial answers and responses to the discovery on August 28, 2013.[3]

RPM filed this motion on September 16, 2013.  In the motion

---

[1] Record document number 146.  RPM filed a reply memorandum, which adopted the reply memorandum filed by Domino's Pizza LLC in connection with its motion to compel discovery.  Record document number 149. Defendant Argonaut filed a sur-reply memorandum. Record document number 156.

[2] Record document numbers 141-1 and 141-2, Exhibits A and B, respectively.

[3] Record document numbers 141-4 and 141-5, Exhibits D and E, respectively.

RPM stated that the defendant improperly objected/refused to answer Interrogatory Numbers 2, 3 and 5.   RPM also argued that the defendant has improperly objected/refused to produce documents in response to Requests for Production of Document Numbers 4, 5, 7, 8, 9, 16, and 17.

Although these document requests are specifically addressed in the motion, RPM also sought to compel production of documents as to the other document requests.  RPM asserted that, up to the date the motion was filed, the defendant had not produced a single document in discovery or provided a date by which it would produce documents.

On October 21, 2013 the defendant filed a sur-reply memorandum.[4]   Defendant stated that on October 11, 2013, it produced 555 Bates-labeled documents to RPM by email.  Based on this document production, the defendant argued that RPM's motion to compel should be denied, and it should be awarded the expenses it has incurred in opposing the motion.

This motion may be moot, in large part, in light of the defendant's October 11 production of documents.  Therefore, it would be a wasteful effort to resolve the motion now based on the motion as it stood before the defendant's recent document production.  At the same time, it would not be equitable to simply deny the motion as urged by the defendant, without giving RPM the

_____

[4] Record document number 156.

2

opportunity to review the documents and determine what aspects of its motion are moot, and what discovery responses are still in dispute.  Therefore, the best course at this time is to deny RPM's motion, but without prejudice to RPM filing another motion after it has reviewed the documents and determined what aspects of this motion, if any, still need to be resolved by the court.

With regard to the award of expenses under Rule 37(a)(5)(A), RPM rather than the defendant is entitled to an award of reasonable expenses.  Although the defendant stated in its initial responses on August 28, 2013 that it would provide certain documents, it did not produce them.  It was not until October 11, three weeks after RPM filed this motion to compel that the defendant produced any documents.  Defendant's only explanation was that production was delayed because of a recent change in local counsel.  Yet, the defendant never filed a motion for extension of time to provide the documents it stated it would produce.  In these circumstances, the defendant's actions were not substantially justified.  Because none of the documents were provided until after RPM filed its motion to compel, RPM is entitled to an award of reasonable expenses.  A review of the motion and memoranda establish that an award of $1,000 is reasonable.

Accordingly, RPM Pizza's Motion to Compel the Production of Documents and Interrogatory Responses is denied, in part.  The motion is denied insofar as RPM sought to compel the defendant to

3

produce documents it previously withheld or failed to produce. After reviewing the defendant's October 11, 2013 document production, RPM may file a another motion to compel based on discovery issues that remain in dispute.  If a new motion is necessary, Domino's must file the motion by November 15, 2013.

The motion is granted insofar as Domino's sought an award of expenses.  Pursuant to Rule 37(a)(5)(A), Fed.R.Civ.P., within 14 days, the defendant Argonaut Great Central Insurance Company shall pay plaintiff RPM Pizza LLC its reasonable expenses in the amount of $1,000.

Baton Rouge, Louisiana, October 24, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

4