UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RPM PIZZA, LLC, D/B/A
DOMINO'S PIZZA                         CIVIL ACTION

VERSUS                                 NUMBER 10-684-BAJ-SCR

ARGONAUT GREAT CENTRAL
INSURANCE COMPANY

**PARTIAL RULING ON DOMINO'S SECOND MOTION TO COMPEL DISCOVERY**

Before the court is Domino's Pizza, LLC's Second Motion to Compel the Production of Documents and Interrogatory Responses. Record document number 161. The motion is opposed by defendant Argonaut Great Central Insurance Company.[1]

Plaintiff-in-intervention Domino's Pizza, LLC (hereafter, "Domino's"), filed this second motion to compel to essentially renew their previous motion to compel. According to Domino's, the defendant's October 11 production of 555 documents (1) included 520 documents that have previously been provided to Domino's in one form or another, (2) did not provide answers to any interrogatories at issue - Interrogatory Numbers 2, 3 and 5, (3) did not contain any documents responsive to Requests for Document Numbers 5, 7, 8 and 9, and (4) although Argonaut produced documents responsive to Requests for Production Numbers 4, 16 and 17, it is highly unlikely

---

[1] Record document number 168. Domino's filed a reply memorandum. Record document number 178. Argonaut filed a sur-reply memorandum. Record document number 182.

that all documents responsive to these requests were produced.[2]

After Domino's filed this renewed motion on October 29, and as advised by Argonaut at the status conference held on October 31, Argonaut produced several more batches of documents and supplemental answers to Domino's Interrogatory Numbers 2, 3, 4 and 5.[3] Argonaut argued that based on these supplemental answers, its production of thousands of documents since October 11, and the production of its privilege log,[4] the present motion should be denied. Argonaut also sought an award of expenses and fees incurred in opposing the motion.

Four days after Argonaut filed its opposition, Domino's filed a reply memorandum in which Domino's essentially asserted that its motion to compel is not moot. In this reply memorandum Domino's addressed the specific areas which it claims that Argonaut's discovery responses remain deficient, and also raised issues with regard to Argonaut's privilege log and the format of its document production. Argonaut then filed a sur-reply memorandum to address Domino's claim that certain discovery responses, the privilege log and the format of the documents it produced continue to be deficient.

---

[2] Record document number 161-1, Supporting Memorandum, pp. 2 and 5.

[3] Record document numbers 168-1 and 168-2, Argonaut Exhibits A and B.

[4] Record document number 168-3, Argonaut Exhibit C.

It is not necessary, nor is it advisable given the time constraints in this case, to go into a detailed review of the background of this discovery dispute or set forth every argument discussed in the parties' memoranda.  All of the arguments and submissions of the parties have been reviewed and considered.  This partial ruling addresses two aspects of the discovery dispute - discovery of privileged/protected documents and the format for document production - and is being issued first in order to hasten the completion of fact discovery.  The remaining issues will be addressed in a supplemental ruling.

**Assertions of Privilege/Privilege Log**

Argonaut attached as Exhibit C to its opposition a copy of its privilege log relating to Domino's and RPM's discovery requests. Argonaut acknowledged that the log does not contain as much detail as it should, but argued that this is the result of unexpected time constraints which forced a review of thousands of documents on short notice.  In its sur-reply memorandum Argonaut reiterated this argument and submitted an updated privilege log.[5]  Argonaut defended the length of the log and the lack of details by pointing to the "tight deadlines," Domino's unreasonably broad discovery requests, and Domino's continuing claims regarding waiver of privileges.  Argonaut also noted that unexpected technical issues

---

[5] Record document number 182, Argonaut Exhibit A.

with electronic discovery slowed the process of finishing the log. Therefore, Argonaut requested it be given until November 19, 2013 to complete the privilege log.

Domino's raised several arguments with regard to Argonaut's assertions of privilege and its privilege log: (1) Argonaut's privilege log is deficient because it does not describe the documents with enough detail to determine whether the assertion of the privilege is valid; (2) the notations on the log that the documents were withheld because they are "NRC" (not reasonably calculated), or "CPTS" (confidential, proprietary and/or trade secret) are not recognized privileges and not a basis to withhold production of relevant documents; (3) because Argonaut stated in its discovery responses that it will rely on an advice of counsel defense, Argonaut waived the attorney client privilege as to any communications related to that advice; and, (4) there is no basis to limit the scope of Argonaut's waiver given its initial and supplemental answers to Interrogatory Number 5 in which Argonaut failed to specify the defenses on which it would rely on that advice.[6] Domino's stated that to the extent Argonaut withheld and listed documents that are drafts of pleadings or correspondence

---

[6] Argonaut answered that it had already produced communications between it and Durham related to the defense, and would be producing additional documents, including claim file notes that would provide information that completely answers this interrogatory.  Record document number 168-2, pp. 5-6.

with litigation counsel,[7] it is not seeking production of those documents.

Argonaut's attempted justification for its lengthy and deficient privilege log are vague, unsupported and unpersuasive. Argonaut's primary argument is that unexpected time constraints and tight deadlines forced it to have to review thousands of documents with little notice in a short period of time. Presumably, Argonaut is referring to the order issued on October 7, 2013 that set the case for a pretrial conference and trial on November 13 and December 16, 2013.[8] However, these circumstances arose in the last six weeks. The record does not support finding that this is what caused Argonaut to have to review thousands of documents in a short period of time. Rather, the record demonstrates that the cause of Argonaut having to review and produce thousands of documents on short notice and in a short period of time is Argonaut's own failure to take prompt, appropriate actions when it was served with the Domino's discovery requests on April 19, 2013.

When Argonaut provided answers and responses on May 19, 2013, as to certain requests for production it responded that it would produce documents. Yet, as of the date Domino's filed its Motion

---

[7] Domino's stated that it previously made this clear to Argonaut, citing to record document number 129-6, Exhibit E. Record document number 178, Domino's Reply Memorandum, p. 2.

[8] Record document number 145. On a joint motion this order was modified by the district judge setting the pretrial and trial date to January 17 and February 11, 2014, respectively.

to Compel three months later on August 20, Argonaut had not produced a single document and maintained that it was not required to provide a privilege log.  Argonaut, in fact, waited until October 11, 2013, approximately six weeks after the motion was filed, to provide its initial document production of 555 pages.[9]  Even then no privilege log or information about a privilege log was provided by Argonaut.  Now, in response to the present Motion to Compel, Argonaut finally produced a privilege log on November 7 and thousands of new documents.[10]  This is well over six months after Argonaut was served with the discovery requests.

Argonaut also claimed that its delay and difficulty in timely and properly responding to the discovery was caused by the extremely broad nature of the requests and locating documents.  In addition, Argonaut stated that it had unexpected technical issues that caused delay, but did not give any details about the nature/extent of the technical problems.  These explanations are not credible given that Argonaut did not earlier bring these issues to the forefront by filing a motion for extension of time to respond to the discovery or a motion for protective order.  Therefore, the record supports the conclusion that if Argonaut was

---

[9] Record document number 157, Argonaut Sur-reply Memorandum, Exhibit A.

[10] In its sur-reply memorandum filed November 13, Argonaut stated that it has not produced over 11,000 pages of documents to Domino's and RPM.  Record document number 182, p. 1.

unable to timely provide a privilege log that complies with Rule 26(b)(5), such inability was caused by its own actions.

In these circumstances the court finds: (1) there is no basis to give Argonaut additional time to provide a more complete privilege log; and, (2) Argonaut has waived its claim of attorney client privilege and/or work product protection as to any documents listed as withheld on these grounds in its privilege logs.  This finding of waiver does not apply to any documents listed which Domino's stated that it is not seeking production of - drafts of pleadings and correspondence with litigation counsel related to the present case.  Finally, regardless of the waiver, given that the parties have now agreed to a protective order[11] any documents on the privilege log where the privilege listed is CPTS or NRC/CPTS must be produced by Argonaut.

**Format of ESI Document Production**

Domino's document requests contained Instruction Number 5, designating the forms it wanted electronically stored information (ESI) to be produced, and the metadata, if available for each electronic document produced.[12]  Argonaut's November 7 supplemental responses for the first time included a specific objection to this instruction:

---

[11] Record document numbers 167 and 170.

[12] Record document number 178, pp. 6-7.

Argonaut objects to paragraph 5 of Domino's Pizza" Instructions and RPM's Instructions to the extent those instructions require that the documents be produced in a particular format or manner other than the format or manner in which the above documents have been produced; and to the extent those Instructions require Argonaut to provide the specified metadata, assuming it is even available.[13]

Domino's stated that Argonaut did not follow these instructions, and produced documents in .pdf format and no metadata. Domino's communicated with Argonaut on this issue on October 31 and November 1, 2013 and requested that Argonaut follow Instruction Number 5 when it produced any additional documents. According to Domino's, Argonaut did not respond to these requests and in its November 7 production maintained the same format and included an objection to Instruction Number 5. Domino's argued that Argonaut has waived any objection to its specific format/metadata instruction by not asserting it timely, that is, not raising it in its initial responses but waiting almost six months to assert it.

Argonaut argued that Domino's position on the format of ESI should be rejected for the following reasons: (1) a general objection in its initial responses included an objection to this instruction; (2) Domino's waived its format objection by not objecting to Argonaut's October 11 production of documents in .pdf format without metadata; (3) even if not waived, Domino's failed to

---

[13] Record document number 168-1, Argonaut Exhibit A.

show why it is essential for Argonaut to produce ESI according to Instruction Number 5 when Argonaut maintains its documents in .pdf form, which is a standard document format that is either already searchable or can be easily made fully searchable.

Again, Argonaut's arguments are unsupported and unpersuasive. Under Rule 34(b)(2)(E), Fed.R.Civ.P. a party may specify a form for production of ESI.  Domino's did that in its April 19 discovery requests by including Instruction Number 5.  Argonaut waived any objection to this instruction by not asserting it timely - not making the objection until it provided thousands of document in a supplemental response on November 7.  Argonaut's attempt to rely on the general objection included in its May 19 discovery responses is unavailing.  This general objection cannot reasonably be interpreted to encompass a specific objection to Domino's Instruction Number 5.

Argonaut's also argued that Domino's waived any objection to the format of its document production by not raising it when the first group of 555 pages was produced on October 11.  Domino's exhibits, however, demonstrate that Domino's did bring the failure to comply with Instruction Number 5 to Argonaut's attention after the initial production on October 11 and again both before and after Argonaut began producing additional documents on November 1.[14]

---

[14] See, record document number 178-1, Domino's Exhibits 1 and 2(emails dated October 31 and November 1 from Beth Levene to Larry
(continued...)

Argonaut's waiver argument is without merit.

Finally, Argonaut argued that even if Domino's did not waive its right to object to the format, it has not shown why it is necessary for Argonaut to produce documents in a format that complies with Instruction Number 5. The simple answer is that Domino's is not required to do so. As provided under Rule 34(b)(2)(E), Domino's properly included an instruction specifying the form for producing ESI and Argonaut waived any objection by not asserting it timely. Moreover, Argonaut did not provide any information or even argue that it is unduly burdensome or expensive for it to comply with Domino's instructions for production of ESI.[15] Domino's motion to compel Argonaut to comply with Instruction Number 5 will be granted.

## Conclusion

Accordingly, plaintiff-in-intervention Domino's Pizza, LLC's Second Motion to Compel the Production of Documents and Interrogatory Responses is granted, in part, as follows.

Argonaut has waived its claims of attorney client privilege

---

[14](...continued)
Gramovot and David Strauss).

[15] While it may be true that Argonaut does not maintain its documents in .tif format, that is not the same as being unable to produce them in that format. Had Argonaut made a timely and specific objection to producing ESI in .tif format, it is it likely that the parties could have resolved the issue, or the court could have resolved it for them, long ago.

and/or work product protection as to any documents withheld on these grounds and listed on its privilege logs, and must produce the documents by November 22, 2013.

Argonaut shall comply with Instruction Number 5 included in Domino's First Set of Requests for Production of Documents served by Domino's on April 19, 2013.  This applies to all documents previously produced by Argonaut that did not comply with Instruction Number 5.  Any documents that must be re-produced in order to comply with this ruling, must be produced by November 22, 2013.

Baton Rouge, Louisiana, November 15, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE