UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RPM PIZZA, LLC, D/B/A
DOMINO'S PIZZA                                  CIVIL ACTION

VERSUS                                          NUMBER 10-684-BAJ-SCR

ARGONAUT GREAT CENTRAL
INSURANCE COMPANY

**RULING ON MOTION FOR PROTECTIVE ORDER AND
TO QUASH RULE 30(B)(6) DEPOSITION OF DOMINO'S PIZZA, LLC**

Before the court is a Motion for Protective Order and to Quash Rule 30(b)(6) Deposition of Domino's Pizza filed by Domino's Pizza, LLC. Record document number 250. Defendant Argonaut Great Central Insurance Company filed a response to the motion.[1]

All of the arguments and exhibits of Domino's and Argonaut have been considered. The motion is resolved as follows.

Domino's raises four primary reasons in support of its motion for protective order and to quash the notice of Rule 30(b)(6) deposition for its deposition set for January 21, 2014: (1) lack of reasonable notice; (2) undue burden on the Domino's representative specifically requested to testify by the defendant; (3) lack of proper service; and (4) the areas of inquiry to the deposition call for production of confidential, and proprietary commercial information that cannot be released to Domino's other franchisees, which includes the remaining plaintiff in this suit, RPM Pizza.

---

[1] Record document number 263.

Review of the arguments and exhibits submitted demonstrates that three of the grounds for the motion are not a convincing basis to grant the relief sought by Domino's, however one is.

On January 14, 2013 the district judge granted Argonaut leave to take two depositions and extended the discovery completion deadline to January 21, 2014.[2] That deadline made giving Domino's more than seven days notice impossible.[3] Argonaut issued the deposition notice the day after the ruling. The best practicable notice under the circumstances was provided by Argonaut.

The problem with service of the deposition subpoena fee has been cured. According to the motion, the deposition subpoena itself was served on Domino's attorney who had filed an objection to a separate subpoena for production of records. Argonaut did not dispute that the deposition subpoena was served on Domino's attorney rather than its designated agent for service in Louisiana. But in the circumstances of this case, that deficiency alone is not sufficient to quash the subpoena since it could have been readily cured, and there is no suggestion that Domino's did not receive

---

[2] Record document number 247. A corporate representative of Domino's, per Rule 30(b)(6), was one of the six specific depositions which Argonaut identified in its Supplemental Memorandum in Support of Argonaut's Motion to Extend Discovery Deadlines & File Supplemental Pretrial Order. Record document number 237-1.

[3] Rule 30(b)(1) requires that a party "give reasonable written notice to every other party." Rule 45(d)(3)(A), Fed.R.Civ.P., requires the court to quash a subpoena that "fails to allow a reasonable time to comply" or "subjects a person to undue burden."

actual notice of the deposition.

The existence of the protective order in this case undercuts Domino's arguments related to the confidentiality and proprietary information it claims it would be required to divulge given the scope of the subpoena.[4]  Specifically, given RPM's damages claim there is no way to avoid the disclosure to RPM that may result from Domino's providing relevant information to Argonaut, but RPM is bound by the protective order in this case.  Furthermore, it would not be reasonable to limit Argonaut's ability to defend against RPM's claims based on Domino's concern that RPM will obtain information about its other franchisees.

Given the scope of the documents and expected testimony covered by Argonaut's subpoena and deposition notice, an undue burden is imposed on Domino's and its corporate representative, Jim Stansik - the representative specifically requested by Argonaut and the person most qualified to testify about the documents and the areas of inquiry.  All the circumstances - including the short notice, Stansik's position and his extensive meeting/travel schedule –  are set forth in the memoranda and do not need to be repeated here.  It is sufficient to state that given the time constraints and Domino's obligation to prepare its corporate

---

[4] Domino's did not submit any exhibits/documents to support its claim that its business dealings with other franchisees in the Domino's Pizza System, including franchisees in the Atlanta, Georgia area are confidential and proprietary.

3

representative to testify about the broad areas of inquiry, Argonaut unwillingness to narrow the areas of inquiry or the time frame of its inquiry, combined with its unwillingness to limit the length of the deposition or conduct it by telephone, collectively imposed an undue burden on Domino's.  For this reason, Domino's request for an order quashing the subpoena and Notice of Rule 30(b)(6) deposition of Domino's Pizza will be granted.

In its opposition memorandum Argonaut sought a order compelling Domino's to give a Rule 30(b)(6) deposition.  This was an improper way of requesting such relief.  But even considering Argonaut's request, the relief requested is not warranted.  It would be improper for the court to issue a blanket order for Domino's to give a Rule 30(b)(6) deposition when neither Domino's nor the court knows when the deposition will be taken, what scope of the deposition will be, and the length of time for the deposition.  While the district judge's Ruling and Order had the effect of greatly compressing the amount of notice to Domino's, it cannot be fairly read to have relieved Argonaut of its responsibility under Rule 45(d) to "take reasonable steps to avoid imposing undue burden or expense" on Domino's.  And the time allowed by the Ruling and Order to complete discovery has expired.[5]

---

[5] Argonaut filed a motion to extend the discovery completion date so as to allow the deposition of Domino's.  Record document number 269, Argonaut Great Central Insurance Company's Motion to Continue the January 21, 2014 Discovery Deadline.  This motion is
(continued...)

Accordingly, the Motion for Protective Order and to Quash Rule 30(b)(6) Deposition of Domino's Pizza filed by Domino's Pizza, LLC is granted.

Argonaut Great Central Insurance Company's request for an order compelling Domino's to appear for a Rule 30(b)(6) deposition is denied.

Baton Rouge, Louisiana, January 23, 2014.

                                     *Stephen C. Riedlinger*
                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

---

    [5](...continued)
pending before the district judge.